In the Interest of T. M. S., a/k/a T. M. M., a child, A. M. S., a/k/a A. M. M., Mother of T. M. S., a/k/a T. M. M., Appellant,

v.

Ralph L. SMITH, Juvenile Officer of the Juvenile Court of St. Louis County, Respondent.

In the Interest of D. A. S., a/k/a D. A. M., a child, A. M. S., a/k/a A. M. M., Mother of D. A. S., a/k/a D. A. M., Appellant,

v.

Ralph L. SMITH, Juvenile Officer of the Juvenile Court of St. Louis County, Respondent.

No. 34496.

Missouri Court of Appeals, St. Louis District, Division One.

Dec. 5, 1972.

Harold E. Scheppner, Jr., Charles Himeles, David Lander, Legal Aid Society, St. Louis, for appellants.

Corinne R. Goodman, Miriam Bricker, Clayton, for respondent.

VERNON W. MEYER, Special Judge.

This is a statutory action under Section 211.441, subd. 1(2)(b), RSMo 1969, V.A. M.S., in which the Juvenile Officer of St. Louis County filed proceedings seeking to terminate the parental rights of the mother with reference to her two minor children. In each of these cases, which were consolidated on trial below and now on appeal, the Circuit Court, Juvenile Division of St. Louis County entered its order terminating the parental rights of the mother and she appeals on the ground that the respondent failed to prove willful, substantial, and continuous neglect and refusal to give said children necessary care and protection as charged in the petitions. We reverse.

■ This case is before us for review de novo and it is the duty of this court to make our own independent findings of fact and conclusions of law. S. K. L. v. Smith, Mo.App., 480 S.W.2d 119.

■ We find the record to disclose no evidence to support the charges. During the statutory period, one year immediately prior to the filing of the petitions on March 30, 1971, Ms. S. saw the children six times, once for a ten-day period, and had numerous contacts with Family Services and the social worker assigned to these cases and made many efforts to see the children. Ms. S. has been living with the children's natural father, J. M., for nine years. She is divorced, but could not marry J. M. because he could not obtain a

divorce from his wife. At the time of the trial, J. M.'s divorce was pending and they hoped to marry shortly.

During the statutory period J. M. was laid off work for nine months, but is regularly employed otherwise. Ms. S. worked for only five weeks at $20.00 to $25.00 per week. Neither contributed to the children's support during the statutory period but bought them some wearing apparel and Christmas presents.

At the trial below, the social worker testified that she did not think Ms. S. deliberately neglected the children but they were, nevertheless, physically and emotionally neglected because Ms. S. could not adequately care for them. Ms. S.'s health has been poor for some time and the children exhibit certain behavioral problems which the social worker thought to be Ms. S.'s fault. No medical testimony was offered.

Of the number of cases this court has recently decided on the issue presented herein, the case before us contains the least clear, cogent, and convincing evidence of willful, substantial and continuous neglect and refusal to give a child necessary care and protection. The only apparent basis for the termination of parental rights was the social worker's opinion that Ms. S. is not able to care for the children. There is clearly no compliance with the requirements of Section 211.441, subd. 1(2)(b), RSMo 1969, V.A.M.S. The element of *willful* neglect was conceded to be lacking by the social worker herself. The elements of *substantial* and *continuous* neglect are negated by the numerous contacts made by Ms. S. with the children and the agency.

Our previous decisions are absolutely controlling on the issue herein and we see no reason to further elaborate on the deficiencies of the State's case. For more detailed discussions, see C. S. v. Smith, Mo. App., 483 S.W.2d 790; H. G. R. v. Smith, Mo.App., 483 S.W.2d 779; In the Interest of M. J. M., Mo.App., 483 S.W.2d 795; S. K. L. v. Smith, Mo.App., 480 S.W.2d 119;

and, D. J. A. v. Smith, Mo.App., 477 S.W. 2d 718, and cases cited therein.

The decision of the court below is accordingly reversed.

DOWD, C. J., and CLEMENS and McMILLIAN, JJ., concur.